**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 14 2003

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

DEAN FITZWATER AND BETTY FITZWATER,                                PLAINTIFFS
CHARLES T. TAGGART AND TOMMY R. TAGGART
AND TAGGART AND TAGGART, INC.
ON BEHALF OF THEMSELVES AND ALL OTHERS
SIMILARLY SITUATED

V.                                              CIVIL ACTION NO. 2-03-CV-0020-GH

UNION PACIFIC RAILROAD COMPANY                                      DEFENDANT

## MEMORANDUM BRIEF IN SUPPORT OF MOTION TO REMAND

### I. Introduction

Plaintiffs filed this class action lawsuit against Union Pacific Railroad Company ("Union Pacific") on January 17, 2003, in the Circuit Court of Woodruff County, Arkansas, and amended their Complaint on February 3, 2003. All of Plaintiffs' claims are based on state law, and Plaintiffs seek judgment against Union Pacific for trespass, unjust enrichment, slander of title, and violation of Arkansas Constitutional and statutory provisions. Plaintiffs seek no relief under federal law or recovery against this Defendant on behalf of individual members of the putative class in amounts equal to or in excess of $75,000.00, and diversity jurisdiction has not been alleged.[1]

---

[1] In *Ketter v. Union Pacific Corporation*, Civil Action No. 02-2010 (W.D. Ark, Fort Smith Div.), a factually similar case filed in state court in Franklin County, Arkansas, on behalf of plaintiffs seeking class certification on a *national basis* (unlike the case at bar), Union Pacific removed to the Western District of Arkansas, arguing that federal jurisdiction existed on diversity grounds. The Court remanded, finding that even if the jurisdictional minimum were met as to some putative class members, such limited jurisdictional grounds could not justify retaining the matter in federal court. A copy of the Order of Judge Dawson, remanding the case to the Circuit Court of Franklin County, Arkansas, on May 2, 2002, is attached as Appendix "1." *Ketter v. Union Pacific Corporation*, Civ. No. 02-2010, Remand Order, slip op. at 3, 4 (W.D. Ark. May 3, 2002).

Union Pacific chose to aver federal question jurisdiction in the case at bar, and *Ketter* speaks directly to limitations on jurisdiction as a result of insufficient jurisdictional *amounts* for certain class members, rather than a

On February 13, 2003, Defendant filed a Notice of Removal alleging federal question jurisdiction pursuant to 28 U.S.C. §1331. Defendant bases its claim of federal jurisdiction on a general allegation that, as to some putative class members (but not any named class members), the Court may need to construe and interpret federal land-grants. Defendant, which bears the burden of proving jurisdiction at the time of removal, fails to define which or how many putative class members may have property interests requiring such interpretation, and does not supply a rationale for requiring construction or interpretation of any land-grant by explaining, for example, how or whether the land-grant it conjures would be applied to non-abandoned railways, as in this case. Defendants broadly conclude that "Plaintiffs' class definition necessarily includes putative class members whose claims will necessarily require construction and interpretation of federal right of way or land grant and, therefore, present a federal question." Defendant's Notice of Removal at ¶13.

## II. Discussion

### A. Standard for Consideration of Jurisdictional Issue

In removal cases, defendants bear the burden of establishing federal jurisdiction over a state court suit. *See, e.g., Carpenter v. Wichita Falls Indep. Sch. Dis.*, 44 F. 3d 362, 365 (5th Circuit 1995) (citing *Wilson v. Republic Iron and Steel Company*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921)). Removal statutes are subject to strict construction, as federal courts are courts of limited jurisdiction. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 810, 106 S.Ct. 3229,

---

complete absence of a federal question as to some class members. Plaintiffs believe, however, that this distinction is inconsequential. The *Ketter* Court's more general observation that, in a removed case, "the district court cannot sever the claims of the class members *over which it has jurisdiction from those over which it does not,*" *id.*, is well-reasoned, and should apply to the case at bar. Union Pacific does not and cannot assert that this Court has jurisdiction over all putative class members. In addition to the reasons urged below, therefore, under *Ketter* this Court should remand the action to the state forum in which the case was originally and properly filed.

2

92 L.Ed.2d 650 (1986) ("[D]eterminations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system"). Any doubt about the propriety of removal must be resolved in favor of remand. *See, e.g., Bardeau v. West Orange-Grove Consol. Indep. Sch. Dis.*, 43 F. Supp. 2d 722, 730 (E.D. Tex. 1999).

As the Court noted in *Drawhorn v. Quest Communications International, Inc.*, 121 F. Supp. 2d 554, 559 (E.D. Tex. 2000), the first step for a district court in a removal case is to examine plaintiffs' complaint. It is a fundamental legal tenet that plaintiffs may choose to pursue state law causes of action alone, even if a federal claim is available, *Merrell Dow*, 478 U.S. at 809, 106 S.Ct. 3229, and whether a case presents a federal question is to be determined by the "well-pleaded complaint" rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). There is no federal claim alleged on the face of the well-pleaded complaint in this case, and Union Pacific makes no contrary argument.

### B. No Federal Question Jurisdiction Exists

#### 1. *Nicodemus v. Union Pacific Corporation*, 204 F.R.D. 479 (D.Wyo. 2001)

In its Notice of Removal, Defendant cites six decisions ostensibly supporting its position that federal question jurisdiction exists in this case because "Plaintiffs' claims turn[] on interpretation of federal railway statutes." *See, e.g., Oxford v. Williams Cos.*, 137 F. Supp. 2d 756, 763-64 (E.D. Tex. 2001). Defendant fails, however, to identify the most analogous decision rendered against Union Pacific Corporation on the theory it now foists upon this Court. That decision was rendered fifteen months ago by the Chief Judge for the District of Wyoming and was affirmed by the Tenth Circuit Court of Appeals on February 13, 2003, the day Defendant removed this case. *Nicodemus v. Union Pacific Corporation*, 204 F.R.D. 479 (D. Wyo.), *aff'd, Nicodemus v. Union Pacific Corporation*,

3

318 F. 3d 1231 (10th Circuit 2003).[2] *Nicodemus* is on all fours, and its in-depth analysis provides the perfect guide for this Court's consideration of this motion.

In *Nicodemus*, it was the plaintiffs (seeking recovery as in this case for trespass and unjust enrichment because of Union Pacific's grant of subsurface easements to telecommunication companies) who originally invoked the jurisdiction of the federal court. Union Pacific Corporation did not dispute the jurisdiction of the Court, but the Court, *sua sponte*, determined that it must examine the source of its jurisdiction.

The District Court rejected the reasoning underlying decisions cited by Defendant in its current removal papers, finding that the case underlying those decisions – *Kansas Pacific Railway Company v. Atchison, Topeka & Santa Fe R.R. Company*, 112 U.S. 414 (1884) – could not support the heavy load that Defendant heaped upon it. The Court determined that *Kansas Pacific* preceded modern statutory jurisdictional law and that the Supreme Court only found federal jurisdiction to exist in that case because it "applied the broad constitutional 'ingredient' test in finding jurisdiction, not the more narrow 'federal remedy' test" that is required since congressional passage of 28 U.S.C. §1331. *Nicodemus*, 204 F.R.D. 484.

*Kansas Pacific* arose from a dispute between two railroad corporations, each claiming "title to the same land in Kansas under different acts of congress." *Kansas Pac. Ry. Co.*, 112 U.S. 416, 5 S.Ct. 208. The sole question before the Supreme Court was the "reconciliation of two ostensibly conflicting federal land-grant statutes." *Nicodemus v. Union Pacific Corporation*, 813 F.3d 1231, 1239 (10th Cir. 2003). *Kansas Pacific* does not stand for the proposition that federal land-grant statutes create federal, private rights of action for a grantee in every property dispute in which a land-

---

[2]The District Court and appellate court opinions are attached as Appendices "2" and "3," respectively.

4

grant lurks deep in the title of a litigant's claim to property – the argument asserted by Union Pacific in *Nicodemus*, and again to this Court.

In its analysis in *Nicodemus*, the District Court observed that there are both constitutional and statutory layers to a court's federal question analysis, and the statutory consideration is more strict than the constitutional grant. *Nicodemus* 204 F.R.D. at 483, n. 1. The Supreme Court narrowly construes 28 U.S.C. § 1331 (after the *Kansas Pacific* case), holding that a civil action arises out of federal law only when "a suit arises under the law that creates the action." *Id.* at 483 (citing *American Well Works v. Layne & Bowler Company*, 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916)). Federal question jurisdiction arises under 1331 only if the cause of action "*arises out of a federal remedy.*" *Id. (citing Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 77 L.Ed.2d, 420 (1983)) (emphasis added).

The District Court then turned to more recent considerations announced by the Supreme Court for determining whether federal question jurisdiction exists. In *Merrell Dow*, the Supreme Court ruled that a district court may have subject matter jurisdiction if "plaintiff's rights to relief depend on the resolution of a substantial question of federal law."

> When making the determination of whether a non-federal claim turns on a substantial question of federal law, courts should exercise "prudence and restraint." *See Merrell Dow*, 478 U.S. at 810, 106 S.Ct. 3229. Restraint is necessary because "determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." *Id.*

*Nicodemus*, 204 F.R.D. at 484. Analyzing these three factors (congressional intent, judicial power, and the federal system), the *Nicodemus* Court handily rejected the claim of federal jurisdiction.

First, there was "no suggestion that congress intended to confer federal question jurisdiction over the construction of the land grant. In fact, there is no jurisdictional grant embodied in the federal

5

right-of-way grants." *Id.* Second, the Court found that principles of federalism counsel that the federal court should hesitate to exercise jurisdiction where the "cause of action is a subject traditionally relegated to state law." *Id.* (citing *Merrell Dow*, 478 U.S. at 811, 106 S.Ct. 3229). The Court concluded that "trespass and unjust enrichment actions are traditionally reserved for state court. Therefore, federalism concerns also militate against this court's exercise of federal jurisdiction." *Id.*

The Court is correct on this point. Fundamentally, real property rights in this country arise from and are subject to state and local laws. As the Supreme Court enunciated in *Butner v. United States*, "[p]roperty interests are created and defined by state law." 440 U.S. 48, 55 (1979). Similarly, in *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, the Supreme Court stated, "[Property interests . . . are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." 449 U.S. 155, 161 (1980) (internal quotation omitted); *see also, Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1001 (1984); *Hughes v. Washington*, 389 U.S. 290, 295 (1967) ("Surely it must be conceded as a general proposition that the law of real property is, under our Constitution, left to the individual States to develop and administer") (J. Stewart, concurring). Historically, the federal courts show strong deference to state law standards in the area of real property. *See, e.g., Karmen v. Kemper Financial Services, Inc.*, 500 U.S. 90, 98 (1991); *Butner*, 440 U.S. at 53. This deference has been consistent, even though such deference may lead to varying results, state to state. *Butner*, 440 U.S. at 53.

As for Union Pacific's implied argument that federal courts should have jurisdiction over a matter because plaintiffs' claims "require federal analysis," the *Nicodemus* Court flatly rejected the proposition:

> This case involves federal land grants, however, nothing in the land grants or case law suggests that courts must employ a special analysis in construing the grant. *See, e.g., Act of July 1, 1862, 12 Stat. 489, as amended by the Act of July 2, 1864, 13 Stat. 356.* Therefore it follows that a court must use the traditional methods of interpretation in construing these grants. Namely, courts should follow the plain language of the land grants and consult a congressional history only where there are ambiguities.

*Nicodemus*, 20 F.R.D. at 484.

The Court concluded that, since "all three *Merrell Dow* factors balance against a finding of federal question jurisdiction," there was no jurisdiction under the grounds asserted. *Id.* Adding an exclamation point to its well-reasoned opinion, the district court cited three post-*Kansas Pacific* decisions of the high court that confirm the impropriety of the exercise of federal subject matter jurisdiction based only on the existence of a dispute over a federal land grant. *Id.* at 485 (citing *Shulphis v. McDougal*, 225 U.S. 561, 569-70, 32 S.Ct. 704, 56 L.Ed. 1205 (1912) (finding no federal question jurisdiction in disputes arising out of federal land grant); *Shoshone Mining Company v. Rutter*, 177 U.S. 505, 506-07, 20 S.Ct. 726, 44 L.Ed. 864 (1900) (finding no federal question jurisdiction in property dispute arising out of federal land grant); *Blackburn v. Portland Gold Mining Company*, 175 U.S. 571, 579, 20 S.Ct. 222, 44 L.Ed. 276 (1900) (same)).

The final paragraph of the Court's federal question jurisdiction analysis is illuminating:

> Here, the problem lies in how a court interprets the land grants, not in whether the land grants are valid. In such a case, the Supreme Court has held that a state court is as competent as a federal court to interpret land grants. *See id.* at 513, 20 S.Ct. 726. In addition, the Supreme Court held that construing land grants is an integral and inherent duty of state court. *See id. It follows here that federal courts do not*

7

> *have federal question jurisdiction over the plaintiffs' claims because the substantial question involved is not about the validity of the land grants, but rather their construction. Therefore, this Court holds that it does not have federal question jurisdiction over the instant case.*

*Nicodemus*, 204 F.R.D. at 485 (emphasis added).

Plaintiffs respectfully suggest that the reasoning of *Nicodemus* is more persuasive than the district court decisions disclosed by Union Pacific, and it is the only such opinion to survive appellate scrutiny.

### 2. *Nicodemus v. Union Pacific Corporation*, 318 F. 3d 1231 (10th Circuit 2003)

One month ago, on February 13, 2003, the United States Court of Appeals for the Tenth Circuit affirmed Chief Judge Johnson's thoughtful opinion. The procedural posture of that appeal is notable. The jurisdictional question arose at the district court level not on motion of either party, but because the district court took seriously its duty to investigate the source of its jurisdiction. It was Union Pacific, however (perhaps sensing the importance of the issue in cases it is defending nationwide) that sought reversal of the jurisdictional holding.

After first finding that Union Pacific had a statutory right to appeal the jurisdictional ruling even though Union Pacific did not appear to be "a party aggrieved," *Nicodemus*, 318 F. 3d. at 1234-35, the Court turned to the exact question now before this Court: "whether the district court properly concluded that it lacks subject matter jurisdiction over plaintiffs' causes of action under 28 U.S.C. §1331." *Id.* at 1235. The Court concluded that subject matter jurisdiction was lacking.

Plaintiffs will not restate all details of the Tenth Circuit's opinion, as the decision relies heavily on considerations well analyzed by the District Court, and noted above. A copy of the opinion is attached as Appendix "3." It suffices to point out that the Court flatly rejects the precise arguments

8

now urged by Union Pacific in its Notice of Removal. The Court of Appeals, like the Chief Judge at the District Court level, was confident in its rejection of Union Pacific's absolute reliance upon *Kansas Pacific* – the lynchpin upon which Union Pacific's supporting cases necessarily rest.

Noting that the sole question in *Kansas Pacific* was the reconciliation of conflicting land-grant statutes, the court found "the existence of federal-question jurisdiction" in that case to be obvious. *Id.* In contrast, "[i]n the present case . . . we deal with federal land-grant statutes in the context of numerous state-created causes of action. Thus, federal law is but one element in plaintiffs' cause of action under Wyoming property and tort law. This is insufficient to confer federal-question jurisdiction, even assuming that the federal question is likely dispositive." *Id.* (citing *Franchise Tax Bd.*, 463 U.S. at 14, 103 S.Ct. 2841.)

Noting that the "arising under" requirement of 28 U.S.C. § 1331 confers a more limited power than the Article II jurisdictional grant that was under consideration in the *Kansas Pacific* case, *id.* at 1238, the court concluded that "while *Kansas Pacific* has some bearing in our analysis, we must consider the peculiar posture of the case and the historical context in which the case was decided. Here, we have already concluded that Congress did not intend to provide a federal forum under the federal land-grant statutes. *Kansas Pacific* does not fill this void." *Id.* at 1239 (footnotes omitted).[3]

Plaintiffs recognize that district courts considering the issue have reached the conclusion urged by Defendant, but ask the Court to consider whether Union Pacific, which bears the burden of proving federal question jurisdiction, has established that those decisions fully analyzed the effect of

---

[3] Although the Court of Appeals took issue with the district court's conclusion that section 1331 was not yet in effect at the time of the Supreme Court's decision in *Kansas Pacific*, the Court found that discrepancy to be, ultimately, unimportant to the question of jurisdiction, as it determined that the Supreme Court did not consider section 1331 (or its predecessor) in reaching its conclusion on the jurisdictional issue. *Id.* at 1239, n. 11.

9

modern holdings on issues related to federal question jurisdiction.[4] The *Nicodemus* decision and its Tenth Circuit affirmance, whether intentionally or inadvertently omitted from Union Pacific's briefing, correctly answer the question before this Court.

### C. Even If Federal Jurisdiction Existed As To Some Putative Class Members, Such Limited Jurisdictional Grounds Would Not Justify Jurisdiction Over This Case

Plaintiffs believe that arguments above should be dispositive as the Court considers its jurisdiction. However, should the Court determine that federal question jurisdiction does, in fact, exist as to some putative class members, it should nevertheless order remand of this case for the reasons articulated by the District Court for the Western District of Arkansas in *Ketter v. Union Pacific Corporation*, Civ. No. 02-2010, Remand Order, slip op. at 3, 4 (W.D. Ark. May 3, 2002) (Appendix "A"). See footnote 1, above.

---

[4]Plaintiffs do not concede that the district court cases heavily relied upon by Union Pacific are as analogous as *Nicodemus*. For example, Defendant relies upon *Drawhorn v. Key West Communications International, Inc.*, 121 F. Supp. 2d 554, 566 (E.D. Tex. 2000), in support of removal. Though *Drawhorn* concludes on similar facts that federal question jurisdiction existed, the decision was based at least in part on the court's determination that adjudication of the federal land-grant laws would be necessary because plaintiffs sought a declaratory judgment. *Drawhorn*, 121 F. Supp. 2d at 561-62. Plaintiffs in this case do not seek declaratory relief. Further, the *Drawhorn* decision does not adequately consider *Merrell Dow* and the Supreme Court's pronouncement of the need for a substantial question of federal law before federalism concerns can be overcome in a removal case such as this one.

A sister court in the Northern District of Texas has cast some doubt on the analysis of the court in *Drawhorn*, ultimately concluding that, "At this time, *Merrell Dow* is controlling precedent on these [jurisdictional] issues, and as such, *Merrill Dow* is very much applicable here. *Brock v. Provident America Ins. Co.*, 144 F.Supp. 2d 652, 659 n. 8 (N.D. Tex. 2001).

10

### III. Conclusion

For the foregoing reasons, Plaintiffs respectfully seek an Order from this Court, remanding the matter to the Circuit Court of Woodruff County, with costs of this motion to be assessed against Defendants.

THIS, the 13th day of March, 2003.

Respectfully submitted,

DEAN FITZWATER et al,

*Donna L. Gurley*

BAY FITZHUGH (ARB NO. 69020)
DONNA L. GURLEY (ARB NO. 2002034)
TIMOTHY F. WATSON, SR. (ARB NO. 70101)
*THEIR ATTORNEYS*

OF COUNSEL:

BAY FITZHUGH
116 Main Street
Post Office Box 150
Augusta, Arkansas 72006
Telephone: (870) 347-5991
Facsimile: (870) 347-5992

MAYO MALLETTE PLLC
428 North Lamar Boulevard
Post Office Box 1456
Oxford, Mississippi 38655
Telephone: (662) 236-0055
Facsimile: (662) 236-0035

TIMOTHY F. WATSON
209 Walnut Street
Post Office Box 988
Newport, Arkansas 72112
Telephone: (870) 523-8420

## CERTIFICATE OF SERVICE

I, Donna L. Gurley, one of the attorneys for Plaintiffs, do certify that I have this date mailed by United States mail, postage fully prepaid, a true and correct copy of the above and foregoing document to the following attorneys:

William H. Sutton, Esq.
Elizabeth Robben Murray, Esq.
Kevin A. Crass, Esq.
Friday, Eldredge, & Clark
2000 Regions Center, 400 West Capitol Avenue
Little Rock, Arkansas 72201-3493

Ron Bodinson, Esq.
Gregory T. Wolf, Esq.
Shook, Hardy & Bacon, LLP
84 Corporate Woods
10801 Mastin, Suite 1000
Overland Park, Kansas 66210-1669

Joe Rebein, Esq.
Shook, Hardy & Bacon, LLP
One Kansas City Place
1200 Main Street
Kansas City, Missouri 64105-2118

ATTORNEY FOR UNION PACIFIC RAILROAD COMPANY

THIS, the 13th day of March, 2003.

_____
DONNA L. GURLEY

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

# *Exhibits Attached to Original Document in Courts's Case File*